IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-127 |
| | ) | |
| SCOTT WILKES, Head Warden; ANTONIO ROSS, Sergeant over CERT; and SERENA CHANCE, Lieutenant, Individually and in their Official Capacities, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

Plaintiff names as Defendants (1) Scott Wilkes, Head Warden; (2) Antonio Ross, Sergeant over CERT, Major; and (3) Serena Chance, Lieutenant. (Doc. no. 6, pp. 1, 5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is assigned to the Tier Two Mental Health Disciplinary Program and assigned to Cell #118, Unit 11, B wing, dorm 2. (Id. at 7.) On March 27, 2017, between 5:00 and 6:00 p.m., Plaintiff allegedly came out of his cell and began attacking another inmate with a broom. (Id. at 8.) Defendants, along with other prison officials, responded to this alleged attack and immediately placed handcuffs on Plaintiff, who complied completely with all their instructions. (Id.)

Once Plaintiff was secured, Defendant Chance, who was wearing a handheld camcorder, stepped back to where the camcorder could only record the back of one of the other officers. (Id. at 9.) Defendant Ross then instructed the officials detaining Plaintiff to place Plaintiff face down on the floor. (Id.) While Plaintiff was lying face down in handcuffs, Defendant Ross tased Plaintiff. (Id. at 10.) Defendants Chance and Wilkes observed Defendant Ross's actions, but did not stop him. (Id.) Defendants took Plaintiff to medical, where he was medically cleared, and issued him a disciplinary report for failure to follow instructions, unauthorized presence, and injury to an inmate/oneself. (Id. at 10-11.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

2

1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State an Official Capacity Claim Against Defendants.

Plaintiff sues Defendants "individually and in their official capacities." (Doc. no. 5, p. 1.) However, the Eleventh Amendment bars official capacity claims against state prison officials for

money damages.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's official capacity claims against Defendants be **DISMISSED**.  In a companion Order, the Court has allowed Plaintiff's Eighth Amendment claim for excessive force against Defendants in their individual capacities to proceed.

SO REPORTED and RECOMMENDED this 8th day of February, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA