IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENDRICK R. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-127 |
| ) | |
| SCOTT WILKES, Head Warden; ANTONIO ) | |
| ROSS, Sergeant over CERT; and SERENA ) | |
| CHANCE, Lieutenant, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. (Doc. no. 58.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for temporary restraining order be **DENIED**. (Doc. no. 58.)

**I.  BACKGROUND**

Plaintiff names as Defendants (1) Scott Wilkes, Head Warden; (2) Antonio Ross, Sergeant over CERT; and (3) Serena Chance, Lieutenant. (Doc. no. 6, pp. 1, 5.) The complaint alleges Plaintiff is assigned to the Tier Two Mental Health Disciplinary Program and assigned to Cell #118, Unit 11, B wing, dorm 2. (Id. at 7.) On March 27, 2017, between 5:00 and 6:00 p.m., Plaintiff allegedly came out of his cell and began attacking another inmate with a broom. (Id. at 8.) Defendants, along with other prison officials, responded to this alleged attack

and immediately placed handcuffs on Plaintiff, who complied completely with all their instructions. (Id.) Once Plaintiff was secured, Defendant Chance, who was wearing a handheld camcorder, stepped back to where the camcorder could only record the back of another officer. (Id. at 9.) Defendant Ross then instructed the officials detaining Plaintiff to place Plaintiff face down on the floor. (Id.) While Plaintiff was lying face down in handcuffs, Defendant Ross tased Plaintiff. (Id. at 10.) Defendants Chance and Wilkes observed Defendant Ross's actions, but did not stop him. (Id.) Defendants took Plaintiff to medical, where he was medically cleared, and issued him a disciplinary report for failure to follow instructions, unauthorized presence, and injury to an inmate/oneself. (Id. at 10-11.)

On August 6, 2018, Plaintiff filed a motion for injunctive relief. (Doc. no. 58.) Plaintiff asserts Defendant Ross still works at the prison, has manipulated several staff members to participate in retaliating against Plaintiff, and has informed Plaintiff there is a "hit" on Plaintiff's head for snitching and filing the present lawsuit. (Id.) Furthermore, Plaintiff asserts he is improperly confined in a prison program, for which he does not qualify. (Id.) He is requesting an order prohibiting Defendant Ross and other non-defendant ASMP staff members from having any contact with him, and stopping the alleged retaliation and intentional torture. On August 20, 2018 Defendants filed a response stating Plaintiff has been in a specialized mental health program since November 7, 2017. (Doc. no. 60, p. 2.) Defendants attached an affidavit from Lisa Mayo, Mental Health Unit Manager at ASMP, wherein she asserts Plaintiff meets all the criteria for the specialized mental health program and is housed with other inmates in the same program. (Doc. no. 60-1, pp. 1-2.)

## II. DISCUSSION

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted); Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. April 24, 2018) (denying Plaintiff's request for injunctive relief because the relief sought concerned computer access and the suit concerned Defendants failure to protect him from a substantial risk of serious harm).

Here, Plaintiff is not entitled to injunctive relief because the matters complained of are concerning separate incidents than his claims in this lawsuit. Plaintiff's only claim is an Eight Amendment claim for excessive force arising from an incident where Plaintiff was tased by Defendant Ross on March 27, 2017. (Doc. no. 30.) In Plaintiff's motion for injunctive relief, he alleges retaliation for bringing the present lawsuit and placement in a prison program for which he does not meet the criteria. (Doc. no. 58.) Because these allegations are factually distinct and concerning issues separate from the claim raised in his complaint, injunctive relief is improper.

Even if the Court considered the merits of the motion, Plaintiff would not be entitled to injunctive relief. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction

issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, Plaintiff has not shown a likelihood of success on the merits. Plaintiff does not provide any dates, time, or other specific details with respect to Defendant Ross's actions and alleged manipulation of prison staff members. Further, Plaintiff does not explain why he purportedly does not meet the criteria for the mental health program. On the other hand, Defendants describe in their response, and by affidavit of a mental health professional at ASMP, that Plaintiff meets all the criteria for the specialized mental health program. (Doc. nos. 60, 60-1, p. 1-2.) For these reasons, Plaintiff has failed to establish a substantial likelihood of succeeding on the merits.

Second, Plaintiff has failed to establish a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive

relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated and generalized allegations Defendant Ross has placed a "hit" on him. No further details have been alleged by Plaintiff to establish an imminent harm or any harm by being in the program. Thus, the harm is only speculative and remote.

Third, Plaintiff also completely fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, under the circumstances presented by this case, the Court will not insert itself into the decision making process of where to house a state prisoner. To the extent Plaintiff also requests prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at ASMP from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law." See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's requests for injunctive relief. See Jefferson Cty, 720 F. 2d at 1519. As discussed above, Plaintiff's conclusory assertions in his motions do not satisfy the first two prongs required

for injunctive relief. Thus, he is not entitled to the relief he seeks. In any event, Plaintiff fails to even address the third and fourth prongs. (Doc. no. 58.)

## III. CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunction he seeks. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for injunctive relief be **DENIED**. (Doc. no 58.)

SO REPORTED this 28th day of August, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA