IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENDRICK R. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-127 |
| | ) | |
| SCOTT WILKES, Head Warden; ANTONIO | ) | |
| ROSS, Sergeant over CERT; and SERENA | ) | |
| CHANCE, Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. The Court **DENIES** Plaintiff's motion to compel, (doc. no. 59.), for the reasons set forth below.

## I. BACKGROUND

Plaintiff names as Defendants (1) Scott Wilkes, Head Warden; (2) Antonio Ross, Sergeant over CERT, Major; and (3) Serena Chance, Lieutenant. (Doc. no. 6, pp. 1, 5.) The complaint alleges Plaintiff is assigned to the Tier Two Mental Health Disciplinary Program and assigned to Cell #118, Unit 11, B wing, dorm 2. (Id. at 7.) On March 27, 2017, between 5:00 and 6:00 p.m., Plaintiff allegedly came out of his cell and began attacking another inmate with a broom. (Id. at 8.) Defendants, along with other prison officials, responded to this alleged attack and immediately placed handcuffs on Plaintiff, who complied completely with all their instructions. (Id.) Once Plaintiff was secured, Defendant Chance, who was wearing a handheld

camcorder, stepped back to where the camcorder could only record the back of another officer. (Id. at 9.) Defendant Ross then instructed the officials detaining Plaintiff to place Plaintiff face down on the floor. (Id.) While Plaintiff was lying face down in handcuffs, Defendant Ross tased Plaintiff. (Id. at 10.) Defendants Chance and Wilkes observed Defendant Ross's actions, but did not stop him. (Id.) Defendants took Plaintiff to medical, where he was medically cleared, and issued him a disciplinary report for failure to follow instructions, unauthorized presence, and injury to an inmate/oneself. (Id. at 10-11.)

On August 6, 2018, Plaintiff filed a motion to compel requesting disclosure of dormitory video surveillance stemming from a discovery request for video footage from the incident. (Doc. nos. 59, 59-1, p. 1.) Plaintiff admits he has already seen the taser stun drive footage, but argues that the dormitory video surveillance is relevant because it will show the incident involving this lawsuit from its start. (Doc. no. 59.) Defense counsel responded to Plaintiff's initial discovery request concerning the dormitory video surveillance by stating that the footage was not preserved as is the routine for ASMP. (Doc. no. 59-1.) Defendants' response to Plaintiff's motion to compel argues Plaintiff has been given all video footage in Defendants possession, and there is no refusal or failure to produce because dormitory video surveillance is not routinely preserved. (Doc. no. 61.)

## II.   DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within

2

this scope of discovery need not be admissible in evidence to be discoverable." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).

Plaintiff's motion does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel. (See doc. no. 59.) As the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 32, p. 5.)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to

3

consult in good faith with opponent before filing motion). Therefore, Plaintiff's motion is ripe for denial for failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5.

However, even if the Court considers the merits, Plaintiff's motion to compel fails because the video footage requested no longer exists. "[T]he Court obviously cannot compel production of documents that do not exist" and "is generally entitled to rely on representations made in discovery requests and responses." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015) (internal citations omitted). Defendants claim the dormitory video surveillance footage is not routinely preserved and no longer exists. (Doc. no. 61, p. 2.) Further, Defendants assert all available video footage has been viewed by Plaintiff, and Defendants have made efforts for Plaintiff to view the existing footage a second time. (Id.)

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Compel. (Doc no. 59.)

SO ORDERED this 28th day of August, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4